# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1961V**

VERONICA HOLLEY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: October 20, 2026

*Joseph S. Baglieri, Siri Glimstad, Chicago, IL for Petitioner.*

*Madison Murray, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 17, 2025, Veronica Holley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on December 9, 2024. Petition at 1. On July 24, 2026, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 26.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,117.55 (representing $44,612.80 in fees plus $1,504.75 in costs). Motion for

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Attorneys' Fees and Costs ("Motion") filed August 14, 2026, ECF No. 31. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 31-3.

Respondent reacted to the motion on August 27, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 33. Additionally, in a footnote in the Response, Respondent noted that "Petitioner's counsel billed approximately $546.90 from July 28 to August 6, 2026, for contacting counsel multiple times regarding a Joint Notice Not to Seek Review ("JNNSR") using the wrong email address." Respondent suggested that a reduction in fees to be appropriate. *Id.* at 2, FN 1.

On September 2, 2026, Petitioner filed a reply addressing Respondent's concerns as stated in his Response. ECF No. 34. Petitioner explained that the amount in question encompassed more than the billing for the emails. Petitioner's counsel concluded that "[s]hould the Court entertain Respondent's request, Petitioner requests that reduction be the total amount of $71.20, the total of the two potentially duplicative emails". *Id.* at 1-2.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be adopted. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

The billing records show several duplicate entries regarding the emails to contact Respondent about the Joint Notice to Seek review. ECF No. 31-2. Respondent stated in the Response that Petitioner had sent the emails to the wrong email address. ECF No. 33 at 2, FN 1. Upon review of the billing records, there are two entries billed as emails to Respondent at the wrong email address. ECF No. 31-2 at 23. As this was an error by Petitioner's counsel, these fees will not be compensated. I shall reduce the amount of fees by $45.40[3], the total billing of the emails to Respondent.

Additionally, Petitioner has provided supporting documentation for all claimed costs. ECF No. 58-7. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] This amount is calculated as follows: $227 x 0.20 hrs = $45.40.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $46,072.15 (representing $44,567.40 for attorneys' fees and $1,504.75 for attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.